May it please the Court. I'm Andrew Zaks. I'm the attorney for the appellants in this matter. This case presents an opportunity for this Court to revisit the pleadings standards that are applicable in a case in this circuit where there is a potential defense that might lie under the Knorr-Pennington Doctrine. There's no question that in this case the defendant had a potential defense under Knorr-Pennington. The question is where is the appropriate time to resolve that defense and whether or not the burden was on the plaintiff to plead facts around that defense or after this Court's decision in Galbraith and the Supreme Court's decision in Crawford L, the heightened pleading standard was not applicable. The district court relied almost exclusively on a case called Oregon Natural Resources v. MOLA, the 1991 case that imposed a heightened pleading requirement on the plaintiff. Oregon Natural Resources was decided around the same time as the case called Branch v. Tunnel. It also involves heightened pleading standards that were expressly rejected by this Court in the Galbraith case. The MOLA case and the heightened pleading standard that was applicable was clearly abrogated in our view under Crawford L and Galbraith. And to have imposed a heightened pleading standard on the plaintiff in a case such as this we believe was plain error and required reversal by this Court. Well, what's the – let's assume we review this under normal pleading standards. What's the cause of action that's being alleged here against Shaw as a private citizen petitioning the government? What's the substantive violation that's been pled here? Yeah. And when you answer the question, would you take the Omni case into account? Which case? The Omni case, the one that the Supreme Court said there isn't a conspiracy exception to the Knorr-Pennington defense. Yes. In other words – Well, we – Let me be helpful. I don't want to be – have you wandering in the wilderness. Okay. What troubles me here is that if I strip out this stuff about a heightened pleading standard and just look at what's been alleged, I'm still hunting for what it is that this private citizen did that was wrong, given what the Supreme Court in Omni said are the constraints on suing people for petitioning the government. Okay. Okay. What we allege and what we believe to be the facts of this case and others that precede it is a pattern and practice of the city and county of San Francisco delegating actual decision-making authority with respect to residential hotels to a private citizen. So the delegation is the new exception or the new way of getting around Knorr-Pennington? I don't think it's new. Delegation cases that we – the express case we rely on is a district court case that summarizes cases going back 100 years. Delegation – it seems to me relatively straightforward that the role of the government and role of government decision-makers is for them to make the decisions. Where's the case – where's the authority for the proposition that you can allege a pattern and practice? There's no actual overt delegation here. You're inferring it from circumstances, correct? We believe that we – if we have been allowed to present evidence on the matter and have been allowed to take discovery, would have been able to bring out facts that showed actual delegation of decision-making authority to Mr. Shaw, that he in fact is the decision-maker on these matters, these very limited matters. And if in fact he is a decision-maker, there has to be a constitutional tort here. It can't be that government can give – can delegate, can give its powers to private citizens to either benefit their own interests or their own personal political agenda or any other interests. And your theory is that if he consistently wins before the planning commission, that creates a triable fact, you know, enough to get past 12b-6 in any event, that there is – to get to discovery, to show that there's been actual delegation. That's correct, Your Honor. Okay. And what's the case that comes closest to sustaining a cause of action against a private citizen under those circumstances? I would refer the Court to Scholes v. Milne, which is Judge Walker's opinion in the district court, citing a line of cases going back 100 years involving unlawful delegation. All right. Thank you. It's a very unusual circumstance. I mean, it's not something that comes up every day in government decision-making. And again, I think the key point is – that somebody enjoys a preferred status in zoning. Preferred status is one thing. Actually being the one making the decision is another. But the argument would be the same, wouldn't it? Because there's no delegation in an express fashion in this case. And so what we have is, as you say, a pattern in practice. And so isn't that the same issue that could be raised in every zoning decision almost? Again, we're here on 12b-6. We tried to lay out in our complaint a number of examples where we think, in the past, we can establish how the actual decision-making authority has been delegated, and not just influence or political influence or extraordinary political power. That clearly would be protected. We concede that. The question for this case, given where we are on 12b-6, is whether or not we should have been entitled to go forward with discovery, taking the deposition of, example, the zoning administrator. If he had admitted that, yeah, anytime Mr. Shaw comes to me, these issues are important enough with respect to the need for affordable housing in San Francisco, that he makes the decision. And if he tells me to do it, that's how it's done, because I basically agree with him. And if that were what happened, and we believe that is actually what happens in these types of cases, that there were discussions had, there were telephone calls, we'd have no way to know that without taking discovery. And we believe that we should have been entitled to take discovery. And I want to reserve a few minutes, but I also want to turn to the attorney's fees element of this. For my client to have been awarded attorney's fees against him in this circumstance on the pleadings, we think it was an abuse of discretion by the trial court. The standard for applying or awarding attorney's fees against a civil rights plaintiff is a very high standard, a very high bar. We don't believe it was met in this case. And even if the court were to affirm the underlying order on the 12b-6, we think the attorney's fees order should be overshadowed. The record reflect what the status of your client's suit is against the city on these claims? The record reflects that the matter was dismissed because the matter was gutted essentially by the dismissal of Mr. Shaw. Once he was taken out of the case, we didn't really have much of a case. You don't have a claim against the city for improper delegation? We had one, but not having the primary actor, and Mr. Shaw was dismissed separately from initially before we had proceeded against the city on a summary judgment motion, a motion had been filed. The dismissal was filed against the city on a voluntary basis because we were left without what we viewed to be the primary defendant to proceed against. That's what I'm a little troubled by here. You're going after the petitioner, the citizen petitioner, for corrupting, in effect, a government process, and you're saying that if you can't recover against the individual, somehow the city escapes liability. I'm not sure I follow the legal reasoning there. We went after both. The city who's been corrupted. I agree. We filed against both. The complaint is applicable to both. Mr. Shaw was dismissed initially on a motion to dismiss, and the case against the city was allowed to proceed. It was not dismissed correctly, we believe. My client had to make a decision about whether it made sense to go forward with a trial without what we believe. Conduct discovery against the city and establish the very scenario you've just been talking about? But my client, but Mr. Shaw had been dismissed already at that point. And so what? I mean, if you're suing the city for an illegal act, an unlawful act, you're entitled to take discovery of it to how it committed it. And it committed it by corrupt, you know, letting Mr. Shaw corrupt him. At that point, Mr. Shaw had been dismissed. I understand he's not a party. Right. But he could be an unindicted co-conspirator. That evidence would not be part of the record before this Court. Why couldn't you take his deposition? There's nothing that prevents you from taking a deposition once the case goes forward with the city. That's correct. We could have. My client had to make strategic and economic decisions about whether it made sense to proceed with a case against the city, only to then face an appeal with respect to Mr. Shaw. And there are decisions that are major choice, and here you are. But you can't complain about the failure to conduct discovery when it was afforded to you. But it was not afforded to us with respect to our claims against Mr. Shaw. Right. But certainly on this record, when you made the choice that you weren't going to take any depositions of the city members, the effective members of the city employees or Mr. Shaw. It is correct that we made decisions subsequent to the dismissal of Mr. Shaw with prejudice by the trial court about whether or not to proceed in the matter. That's correct. Thank you. Okay. Very good. Thanks. Good morning, Your Honor. Steve Collier appearing on behalf of Defendant Annapoli Randall Shaw. All conduct alleged by Shaw in this Second Amended Complaint, which is the second complaint that was dismissed by the district court, alleges protected First Amendment petitioning conduct. His August 24 letter requesting a determination by the zoning administrator. Oral communications with the zoning administrator. Other zoning determination requests. Advocating the city to enforce the zoning laws in other contexts. Drafting proposed legislation and demands that permits be revoked. Every single act of Defendant Shaw alleged in this complaint is protected First Amendment petitioning conduct. Even agreeing with that, what do we do with the fact that the district court, after saying that there isn't a heightened pleading standard, then read one back in based on our prior authority? Is there a heightened pleading standard in such a case or not? Well, I don't think you need to read to reach that issue. I think because they have pled themselves out of court. The heightened pleading standard does not, excuse me, the standard in FRCP8 does not permit a plaintiff to plead on the face of a complaint a defense and not have to plead around it. If, as he has in this case, Empress has pled a First Amendment immunity defense in the face of their complaint, therefore they have to plead facts around it. They can't just say, Mr. Shaw, Mr. Shaw violated our civil rights 20 years ago. Well, he didn't say that. And then not allege some reason to toll the statute of limitations. Well, they do plead the fact that there were these discussions and that there's a rubber stamp that in effect it's an unlawful delegation. They basically, basically de facto let Mr. Shaw make these decisions. They plead a de facto delegation, but the facts that they don't allege as they argue repeatedly in their complaint, in their brief, excuse me, that there was an order, disguised order. They put that throughout their brief. It's not in the complaint. That they don't allege in their complaint that Shaw made the determination and told Badner what to do. That's not in the complaint. But how much do they have to plead? This is Rule 8. This is notice pleading. It's not, I mean, now you're coming back to the heightened pleading standard, it seems. Well, no. I think the reason you have to allege some sort of facts is because you've alleged facts that result in the First Amendment defense on the face of the pleading. So you can't just allege a conclusion that gets around it. I think if you allege the facts of a First Amendment defense on the face of the pleading, then you can't just say he nevertheless violated civil rights. Why isn't what they've pled enough to do that? Because they don't plead any facts. They just say protected activity, protected activity, protected activity, and then at the end they say violation of 1983 because of de facto delegation. But they don't allege any act by Shaw in all the facts that they allege he does that is actually a de facto delegation. They don't allege he told Badner what to do. They don't allege that he was a disguised order. The city is engaged in a custom pattern and practice of deferring to Shaw on zoning determinations and informed and believed that between October of 2000 and April of 2001, Shaw and Badner had an oral communication regarding their zoning requests and that the two of them agreed that it would be in the best interests of the city to rule in favor of Shaw so that the property would be devalued and plaintiffs would be forced to hotel at a deep discount to the clinic. And I refer you to two cases. Privately, they privately agreed that the city's desire and need for affordable rental housing outweighed plaintiffs' private property interests. And Badner agreed to reach a conclusion of abandonment, notwithstanding the fact that plaintiffs had a vested right. Right. The private communications between a citizen and a government official to get a certain result in an administrative process is protected First Amendment activity. I refer you to the Boone case and the Bayou Fleet case, both of them cited in our opposition briefs. The motive of the Petitioner is irrelevant. It's still protected First Amendment conduct. Those oral communications are protected First Amendment conduct. So you're saying taking those is true. They still haven't stated the case. Correct. All of that could have happened. Correct. And they don't say Shaw wrote the decision, gave it to Badner, and he just put it on his letterhead and sent it out. They don't say it was a disguised order. They don't allege any of that. And, you know, I don't know, consistent with Rule 11, how they can, because they told you in their brief they have no evidence to support that. They said they'd need to go through discovery to get it. What do we do with the allegation in paragraph 15 that it is the custom and practice to defer to Shaw on matters in which he demands certain actions that the defendant city has, in fact, delegated its governmental authority and power to Defendant Shaw? Okay. The only statement that is actionable in that paragraph, I believe, is that defendant city has, in fact, delegated its governmental authority and power to Defendant Shaw. Now, and I think, again, I don't think we just discard common sense when we analyze the pleading in a 12b-6 motion. The case decided that you don't just buy the legal conclusions and invective of the plaintiff, Hoekline, and Sinker, and throw out common sense. This is purely a ---- That's not invective. That's a ---- you just said it's an actionable allegation. But it's just in ---- all it is is a legal conclusion. Well, it is. Coming at the ---- coming after a series of allegations is how it got implemented. Right. But deferring to Defendant is not delegation of authority. Well, but you said the prior ---- you're parsing the complaint. You said when I was reading from paragraph 9 that that all stated, taken as true of itself would not constitute a first ---- constitute a violation. It's all protected by the First Amendment. But then you say that paragraph 15, that the actionable statement that it's an ---- what is going on here is unlawful delegation. That's just bare bones conclusion. How can you divorce paragraph 15 from paragraph 9 under a Rule 8 standard? Right. I think because when they've pled the specific activity, that is constitution ---- First Amendment constitutionally protected activity, they have to do more than plead just a legal conclusion that it's not. What more should they have said in here? Excuse me? What more should they have said? I think they should have said that, in fact, what they say in their briefs, which I don't think they can say under Rule 11 because I think it is sanctionable because it never happened, is that Mr. Shaw was delegated authority by Mr. Badner to make this particular decision. Mr. Shaw made that decision, told Badner what to do, and Badner, without exercising any of his own authority, did that. But the reason we ---- How would they be able to know that without doing discovery? Why isn't this giving the city enough notice as to the nature of the claim and why they're making the claim, and why isn't there enough for them then to be permitted to take the next step to determine the evidentiary support to close the gap that you're to get around North Pennington as opposed to having to plead it on the face of a complaint? How would they know without conducting discovery precisely what other than they're able to allege by external circumstances? I think they could ---- they shouldn't file a lawsuit unless they have a factual basis. That's Rule 11. Second of all, I don't ---- Did you move for Rule 11 sanctions here? We did. And were they granted? No, they weren't. And so the district court has not held this to be a ---- unless we get to the attorney fee portion, but the district court applied a heightened pleading standard by her own statement in the record. She said it doesn't generally apply, but you do have to plead with more specificity because of North Pennington. So I'm not sure she was applying our case law, I understand. Right. But it looks like it was a Rule 9 type of analysis as opposed to a Rule 8 type of analysis, and that's what concerns me here. Right. And I think you have to be careful that not to encourage people to file these kind of cases every time a government action is suggested or advocated by a private citizen ends up facing a 1983 complaint. They don't have some requirement that they have a factual basis for what they're stating, and I don't think there's anything in the Code of Civil Procedure, especially Rule 11, makes it consistent that you have to have a factual basis before you bring a lawsuit. To return to Judge Fisher's first question, he asked you whether or not you thought that a heightened pleading standard should be applied. Your answer was you don't need to reach that. Am I to take it that you're not defending the district court's application of a heightened pleading standard? No, we do in our brief. We do believe that the First Amendment is not irrelevant at the pleading stage, as was stated by Justice Kaczynski in his opinion. There is a very chilling effect by an executive director of a nonprofit being faced by a $5 million lawsuit that in this case is absolutely baseless. The ‑‑ I think that when, on the face of the complaint, First Amendment protected conduct is alleged, then I think it is not ‑‑ there's nothing in Rule 8 that requires this Court to not require some factual basis to counter that defense that appears on the face of the complaint, that they must have some factual basis for doing that. Any further questions? Okay. Thank you, counsel. Thank you. I have very little time left. I'll just make a couple of very brief comments. This case was not brought lightly and it was brought after several years of observation  Those are alleged in the complaint. This is not an isolated instance where an individual was engaging in petitioning conduct with the government and got sued for it. There were some very specific instances that were pled. There's absolutely no reason that this defendant couldn't have proceeded with a motion for summary judgment if the case is as baseless as he claims it was. And that probably would have been the proper procedure under this circuit's current pleading standards. From the Court's questions, I think the Court clearly understands the issue. There's a ‑‑ there's stark positions here. Our position is that under these circumstances, a claim has to lie, that the government ‑‑ that a governmental act or a governmental official cannot on specific issues simply give up his power or his authority to decide government, to make government decisions, even on zoning points. And that's what we believe happened here. But is ‑‑ I think the secondary question on your unlawful delegation claim is what's your best case that says that you can sue the delegatee as opposed to the delegator? Well, there's not a lot of authority. I will ‑‑ It doesn't really go that far, I read it. Well, it talks about unlawful delegation generically, but it doesn't say you can sue on the basis of a constitutional toward the delegatee. Actually, in that case, the delegatee was sued. Was sued. I just said I don't think it goes that far. And I think you sue both. And we did. And we had to make our decisions along the way for economic and other reasons. And ultimately, the case was dismissed against the city. But where we are today is looking at whether or not when the case was pled and when the matter was dismissed by the district court, the district court followed this court's existing precedent on the pleading requirements. And from the court's questions, I think it's fairly obvious that she didn't. From the answers that I heard, I think it's fairly obvious that she didn't. And we think that demands reversal. Thank you, counsel. Thank you. The case is heard. It will be submitted. We'll proceed to the next case on the oral argument calendar, which is Dumont v. Goodhart.
judges: Thomas, Fisher, Robart